UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

```
*************************************
DR. DONALD SHAPIRO,                 *
                                    *   Case No.  1:23-cv-10947
        Plaintiff,                  *
                                    *
v.                                  *
                                    *
CYNOSURE, LLC and GREENWOOD         *   ANSWER OF CYNOSURE, LLC
EQUIPMENT FINANCE, LLC,             *
                                    *
        Defendant.                  *
*************************************
```

NOW COMES the defendant, Cynosure, LLC, by and through its attorneys, Devine, Millimet & Branch, P.A., and respectfully submits this Answer, stating in support as follows:

## PARTIES

1. The Defendant, Cynosure, admits the allegations in paragraph 1.

2. The Defendant, Cynosure, admits the allegations in paragraph 2.

3. The Defendant, Cynosure, admits the allegations in paragraph 3.

## JURISDICTION AND VENUE

4. The Defendant, Cynosure, admits the allegations in paragraph 4.

5. The Defendant, Cynosure, can neither admit nor deny so much of paragraph 5 which alleges: "As such the Plaintiff lacks information sufficient to form a belief regarding the citizenship of Cynosure's members" and therefore leaves the Plaintiff to his burden of proof. To the extent an answer is required the Defendant denies this allegation contained in paragraph 5. The remainder of paragraph 5 is admitted.

6. The Defendant, Cynosure, can neither admit nor deny the allegations in paragraph 6, and therefore leave the Plaintiff to his burden of proof. To the extent an answer is required the Defendant denies the allegations contained in paragraph 6.

7. The Defendant, Cynosure, admits the allegations in paragraph 7.

8. The Defendant, Cynosure, can neither admit nor deny the allegations in paragraph 8, and therefore leave the Plaintiff to his burden of proof. To the extent an answer is required the Defendant denies the allegations contained in paragraph 8.

9. The Defendant, Cynosure, can neither admit nor deny so much of paragraph 9 which alleges: "Venue is appropriate concerning Greenwood for the reasons stated in paragraph 8" and therefore leaves the Plaintiff to his burden of proof. To the extent an answer is required the Defendant denies this allegation contained in paragraph 9. The remainder of paragraph 9 is admitted.

## FACTUAL ALLEGATIONS

10. The Defendant, Cynosure, admits the allegations in paragraph 10.

11. The Defendant, Cynosure, admits the allegations in paragraph 11.

12. The Defendant, Cynosure, admits the allegations in paragraph 12.

13. The Defendant, Cynosure, admits the allegations in paragraph 13.

14. The Defendant, Cynosure, admits the allegations in paragraph 14.

15. The Defendant, Cynosure, admits the allegations in paragraph 15.

16. The Defendant, Cynosure, denies the allegation contained in paragraph 16.

17. The Defendant, Cynosure, denies the allegation contained in paragraph 17.

18. The Defendant, Cynosure, admits its representative discussed the competitive advantage the Plaintiff might gain by having the Defendant's aesthetic device as an additional

service he could offer his clients. The Defendant denies so much of paragraph 18 that provides "highlighting the benefits of the Product for dry eye treatment."

19. The Defendant, Cynosure, admits the allegations in paragraph 19.

20. The Defendant, Cynosure, denies the allegation contained in paragraph 20 to the extent it implies that the Defendant's agent represented its product could be used to treat dry eye.

21. The Defendant, Cynosure, denies the allegation contained in paragraph 21.

22. The Defendant, Cynosure, can neither admit nor deny the allegations in paragraph 22 as drafted. However, Cynosure admits Mr. Hale made no representations about Cynosure's Product being FDA approved to treat dry eye.

23. The Defendant, Cynosure, denies the allegation contained in paragraph 23.

24. The Defendant, Cynosure, denies the allegation contained in paragraph 24.

25. The Defendant, Cynosure, denies so much of paragraph 25, which states "Under the false impression that (a) Mr. Hale was selling Plaintiff a device that was regulatorily approved for use in dry eye treatment and (b) Cynosure would provide specific training regarding how to use the Product for dye (sic) eye treatment." The balance of the allegations is admitted.

26. The Defendant, Cynosure, can neither admit nor deny the allegations in paragraph 26, and therefore leave the Plaintiff to his burden of proof. To the extent an answer is required the Defendant denies the allegations contained in paragraph 26.

27. The Defendant, Cynosure, admits the allegations in paragraph 27.

28. The Defendant, Cynosure, admits so much in paragraph 28 that alleges Cynosure's trainer informed him that they could not provide training for treatment of dry eye. The Defendant denies the balance of the paragraph.

29. The Defendant, Cynosure, denies the allegations in paragraph 29.

30. The Defendant, Cynosure, can neither admit nor deny the allegations in paragraph 30, and therefore leave the Plaintiff to his burden of proof. To the extent an answer is required the Defendant denies the allegations contained in paragraph 30.

31. The Defendant, Cynosure, can neither admit nor deny the allegations in paragraph 31, and therefore leave the Plaintiff to his burden of proof. To the extent an answer is required the Defendant denies the allegations contained in paragraph 31.

32. The Defendant, Cynosure, admits the allegations in paragraph 32.

33. The Defendant, Cynosure, admits the allegations in paragraph 33.

34. The Defendant, Cynosure, can neither admit nor deny the allegations in paragraph 34, and therefore leave the Plaintiff to his burden of proof.

35. The Defendant, Cynosure, can neither admit nor deny the allegations in paragraph 35, and therefore leave the Plaintiff to his burden of proof. To the extent an answer is required the Defendant denies the allegations contained in paragraph 35.

## CAUSES OF ACTION

### Count I:  Fraud in the Inducement as to Cynosure

36. The Defendant, Cynosure, incorporates its answers to the paragraphs above herein by reference.

37. The Defendant, Cynosure, denies the allegations in paragraph 37.

38. The Defendant, Cynosure, can neither admit nor deny the allegations of paragraph 38 as drafted, and therefore leaves the Plaintiff to his burden of proof. To the extent an answer is required the Defendant denies the allegations contained in paragraph 38.

39. The Defendant, Cynosure, denies the allegations in paragraph 39.

40. The Defendant, Cynosure, denies the allegations in paragraph 40.

41. The Defendant, Cynosure, can neither admit nor deny the allegations in paragraph 41 as drafted, and therefore leaves the Plaintiff to his burden of proof. To the extent an answer is required the Defendant denies the allegations contained in paragraph 41.

42. The Defendant, Cynosure, can neither admit nor deny the allegations in paragraph 42 as drafted, and therefore leaves the Plaintiff to his burden of proof. To the extent an answer is required the Defendant denies the allegations contained in paragraph 42.

43. The Defendant, Cynosure, denies the allegations in paragraph 43.

44. The Defendant, Cynosure, denies the allegations contained in paragraph 44.

45. The Defendant, Cynosure, can neither admit nor deny the allegations in paragraph 45 as drafted, and therefore leaves the Plaintiff to his burden of proof. To the extent an answer is required the Defendant denies the allegations contained in paragraph 45.

46. The Defendant, Cynosure, denies the allegations in paragraph 46.

47. The Defendant, Cynosure, can neither admit nor deny the allegations in paragraph 47 as drafted, and therefore leaves the Plaintiff to his burden of proof. To the extent an answer is required the Defendant denies the allegations contained in paragraph 47.

48. The Defendant, Cynosure, denies the allegations in paragraph 48.

**COUNT II:  Violation of M.G.L.A. c93A as to Cynosure**

49. The Defendant, Cynosure, incorporates its answers to the paragraphs above herein by reference.

50. The Defendant, Cynosure, admits the allegations in paragraph 50.

51. The Defendant, Cynosure, admits the allegations in paragraph 51.

52. The Defendant, Cynosure, denies the allegations in paragraph 52.

53. The Defendant, Cynosure, can neither admit nor deny the allegations in paragraph 53 as drafted, and therefore leaves the Plaintiff to his burden of proof. To the extent an answer is required the Defendant denies the allegations contained in paragraph 53.

## COUNT III: Recission as to Greenwood

54. The Defendant, Cynosure, incorporates its answers to the paragraphs above herein by reference.

55. The Defendant, Cynosure, denies the allegations in paragraph 55.

56. The Defendant, Cynosure, has insufficient knowledge to neither admit nor deny the allegations in paragraph 56, and therefore leaves the Plaintiff to his burden of proof. To the extent an answer is required, the Defendant, Cynosure, denies the allegations in paragraph 56.

57. The Defendant, Cynosure, has insufficient knowledge to neither admit nor deny the allegations in paragraph 57, and therefore leaves the Plaintiff to his burden of proof. To the extent an answer is required, the Defendant, Cynosure, denies the allegations in paragraph 57.

58. The Defendant, Cynosure, has insufficient knowledge to neither admit nor deny the allegations in paragraph 58, and therefore leaves the Plaintiff to his burden of proof. To the extent an answer is required, the Defendant, Cynosure, denies the allegations in paragraph 58.

59. The Defendant, Cynosure, has insufficient knowledge to neither admit nor deny the allegations in paragraph 59, and therefore leaves the Plaintiff to his burden of proof. To the extent an answer is required, the Defendant, Cynosure, denies the allegations in paragraph 59.

60. The Defendant, Cynosure, denies the allegations in paragraph 60.

61. To the extent Cynosure has not specifically addressed any factual allegations of the Complaint set forth above, such factual allegations are denied.

## AFFIRMATIVE DEFENSES

The Defendant asserts the following affirmative defenses without admitting or conceding that any or all of the affirmative defenses listed below are defense for which Cynosure carries the burden of proof.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each cause of action therein, fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's First and Second Causes of Action and requested relief are barred, in whole or in part, by disclaimers, limitations on damages, and/or other language or terms included in the Purchase Agreement for the sale of the TempSure RF Generator with TempSure Envi Face application and FlexSure Applicator Kit including without limitation the following clauses, which are expressly incorporated into the agreement, and which limit Plaintiff's ability to recover on his First Cause of Action based on alleged pre-sale representations, warranties, or oral promises not reduced to writing, and/or to the extent the First Cause of Action amounts to nothing more that breach of warranty.

1. By signing below, the Customer . . . (ii) . . . accepts all of the terms and conditions as stated in this document (including the terms of sale on the following page(s)) . . . **THIS CONTRACT IS GOVERENED BY THE TERMS AND CONDITIONS WHICH ARE ATTACHED TO THIS PURCHASE AGREEMENT. THESE TERMS AND CONDITIONS INCLUDE A DISCLAIMER OF ANY EXPRESS OR IMPLIED WARRANTIES, ORAL AGREEMENTS, OR GUARANTEES THAT ARE NOT INCLUDED IN WRITING IN THIS DOCUMENT OR THE ATTACHED TERMS AND CONDITIONS, AS WELL AS ANY TERMS OR CONDITIONS THAT ARE ADDITIONA TO AND/OR DIFFERENT FROM THOSE INCLUDED HEREIN, INCLUDING ANY TERMS IN THE CUTOMER'S PURHCASE ORDER.**

2. All Sales are final. Cynosure Grants no right of return.

3.  THE FOREGOING WARRANTIES ARE THE SOLE AND EXCLUSIVE WARRANTY OBLIGATIONS OF CYNOSURE, AND THE REMEDY PROVIDED ABOVE IS IN LIEU OF ANY AND ALL OTHER REMEDIES. TEHRE ARE NO OTHER AGREEMENTS, GUARANTEES, OR WARRANTIES, ORAL, WRITTEN, EXPRESSED, IMPLIED, OR STATUTORY, INCLUDING WITHOUT LIMITATION, WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PRUPOSE. CYNOSURE SHALL NOT BE LIABLE FOR LOST PROFITS OR ANY INDIRECT, INCIDNETAL, SPECIAL, PUNITIVE OR CONSEQUENTIAL DAMAGES DUE TO ANY CAUSE WHASOEVER EVEN IF ADVISED AS TO THE POSSIBILITY OF SUCH DAMAGES. THE CUSTOMER AGRESS THAT CYNOSURE'S LIABLITY IS SO LIMITED.

    THE CUSTOMER AFFIRMS THAT HE OR SHE HAS NOT BEEN INVLUENCED TO ENTER INTO THIS TRANSACTION, NOR HAS HE OR SHE RELIED IN ANY WAY UPON ANY WARRANTIES OR REPRESENTATIONS NOT SET FORTH IN THIS INSTRUMENT, INLCUDING WITHOUT LIMITATION ANY WRITTEN OR ORAL REPRESENTATIONS STATEMENTS, TERMS, OR CONDITIONS CONCERNING THE PRODUCT(S) AND/OR SERVICE(S) MAY GENERATE REVENUE. CUTOMER ACKNOWLEDGES AND ACCEPTS THAT CYNOSURE DOES NOT CONFER ANY EXLUSIVE RIGHT UPON CUSTOMER, GEOGRAPHIC OR OTHERWIS, TO USE ANY PRODUCT OR SERVICE PRUCHSE THE PRODUCTS MAY HAVE FINANCIAL RELATIONSHIP WITH CYNOSURE AND/OR ITS AFFILITATES.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff prayers for relief are barred and or must be reduced based on the Plaintiff's failure to mitigate, minimize or avoid his alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

The alleged misrepresentations in the Complaint amount to non-actionable sales-talk or puffery and as such the Plaintiff is not entitled to relief requested.

### FIFTH AFFIRMATIVE DEFENSE

To the extent applicable, plaintiff's claims are barred by the economic loss rule.

****************

Cynosure hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in the case and hereby reserves the right to amend this Answer to assert any such defense. Cynosure also reserves the right to assert other and related defenses as may become available upon a determination of the law applicable to the action or any part thereof or claim therein. Additionally, Cynosure reserves all right to supplement its Answer based upon information learned through discovery.

WHEREFORE, Cynosure prays for judgment as follows:

A.  That the Plaintiff's claims all be dismissed with prejudice;

B.  That Cynosure be awarded its costs and attorney's fees incurred herein; and

C.  That Cynosure be granted such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>CYNOSURE, LLC
>
>By its Attorneys,
>DEVINE, MILLIMET & BRANCH
>PROFESSIONAL ASSOCIATION

Dated: 5/22/23          By:      /s/ Matthew R. Johnson
>Matthew R. Johnson, Esq. (BBO #636297)
>111 Amherst Street
>Manchester, NH 03101
>(603) 669-1000
>mjohnson@devinemillimet.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2023, I served a copy of the foregoing via the Court's efiling system.

>          /s/ Matthew R. Johnson
>Matthew Johnson, Esq.